WWR#10005320

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT MORTGAGE SECURITIES, INC. ASSET-BACKED PASS -THROUGH CERTIFICATES, SERIES 2005 - W3 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2005<br><br>Plaintiff<br><br>vs.<br><br>LESLEY A. KIRALY, et al.<br><br>Defendants | CASE NO. 1:07CV2279<br><br><br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br>**JUDGMENT ENTRY**<br>**FORECLOSURE DECREE** |

    This cause was submitted to the Court and heard upon the Complaint of the Plaintiff, the Answer of Defendant, Virginia Kiraly, Trustee of the Virginia Kiraly Living Trust dated 6 June 1997, the Plaintiff's Motion for Default Judgment and the evidence.

    The Court finds that all necessary parties have been properly served according to law and are properly before the Court, and the Defendants, Lesley A. Kiraly and John Doe, Unknown Spouse of Lesly A. Kiraly, are in default of Answer, Motion or other pleading and have by reason thereof confessed the allegations of the Complaint to be true, and are forever barred from asserting any right, title or interest in the premises described herein.

The Court further finds that there is due to the Treasurer of this County accrued real property taxes, assessments, penalties and interest thereon, upon the premises described herein, the exact amount being unascertainable at the date hereof, but which amount will be determined by the Treasurer at the time of confirmation of sale of said premises pursuant to O.R.C. 323.47, for which amount the Treasurer has a good and valid lien.  For purposes of determining such amount, the Treasurer may estimate the amount of taxes, assessments, interest and penalties that will be payable at the time the deed of the property is transferred to the purchaser.

The Court further finds that there is due to Plaintiff the principal sum of $135,743.30, plus interest at 7.625% per annum from March 1, 2007, upon the Promissory Note set forth in the Complaint., for which sum judgment is hereby rendered in favor of the Plaintiff against Defendant, Lesley A. Kiraly.  The Court further finds that in order to secure the indebtedness evidenced by said Promissory Note, a certain Mortgage Deed was executed and delivered securing the following-described premises:

Situated in the City of Parma Heights, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 113 in the S. H. Kleinman Realty Company's Yorkleight Subdivision of part of Original Parma Township Lot No. 7, Ely Tract, as shown by the recorded plat in Volume 94 of Maps, Page 10 of Cuyahoga County Records, and being 50 feet front on the Southerly side of Blossom Avenue, and extending back between parallel lines 180 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Permanent Parcel No.     PPN : 474-04-010
Street Address:          10681 Blossom  Avenue, Parma Heights, OH 44130

The Court further finds that said mortgage was filed for record on July 27, 2005, as Instrument number 200507271088 of Cuyahoga County Records, and thereby became and is the first and best lien after real estate taxes upon the premises herein; that the conditions of said mortgage have been broken and the same has become absolute; that said mortgage was assigned to the Plaintiff and that Plaintiff is entitled to foreclosure.

The Court further finds that the Plaintiff may have advanced or may advance prior to confirmation of the sale in this action, sums for the payment of real estate taxes, hazard insurance premiums, and protection of the property described herein, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of confirmation of the Sale herein, which amount may be added to the first mortgage lien of the Plaintiff.  The Court reserves for further order a determination of the exact amount due to the Plaintiff for said advances.

The Court further finds that the Defendant, Virginia Kiraly, Trustee of the Virginia Kiraly Living Trust dat, disclaimed any right, title or interest in the premises herein.

The Court further finds that there is no just reason for delay in entering the judgment herein.

## ORDER

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums herein found due, together with the costs of this action, including the cost of the  Judicial Certificates of Title filed herein for which the Plaintiff is entitled to reimbursement, be fully paid within ten (10) days from the date of the entry of this decree,  the equity of redemption of all Defendants in the premises described herein be foreclosed, and that an Order of Sale shall issue to the Master Commissioner ordering the Master Commissioner to appraise, advertise and sell the same at public sale, as upon execution, and according to law and the orders of this Court, free and clear of all interest of all parties to this action, and to report his proceedings to this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, upon confirmation of sale, the proceeds shall be distributed in the following order of priority:

1. To the Clerk of Courts, the costs of this action, including the sum of $ 783.00 to Plaintiff for the Judicial Certificates of Title.

2. To the Treasurer, real estate taxes, assessments, penalties and interest due and payable on said premises.

3. To Plaintiff, Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset- Backed Pass -Through Certificates, Series 2005 - W3 under the Pooling and Servicing Agreement dated as of October 1, 2005, $135,743.30, plus interest at 7.625% per annum from March 1, 2007, together with advances, if any.

4. The Sheriff shall hold the balance of funds, if any, pending further order from this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because the Plaintiff is the first and best lienholder, should it be the successful bidder at the Sale, the Plaintiff shall not be required to make a deposit at the time of sale, but the Clerk of this Court shall apply all monies previously deposited as court costs to the court costs due, and the Plaintiff shall pay the balance of all court costs due and owing, taxes and assessments, upon Confirmation of Sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing the same from the premises.

Record is hereby ordered.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

Approved:

WELTMAN, WEINBERG & REIS CO., L.P.A.


 /s/ Benjamin N. Hoen
Benjamin N. Hoen (0077704)
Attorney for Plaintiff
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113
Phone: (216) 685-1170; Fax: (216) 363-4034
bhoen@weltman.com